UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60547-CIV-SEITZ/O'SULLIVAN

WACHOVIA BANK, NATIONAL ASSOCIATION,

Plaintiff,

v.

M/Y MAYBE TOMORROW, her engines, tackle, rigging, dinghies, equipment, etc., having Cayman Islands Official No. 739093, *in rem*, MAYBE TOMORROW, a Cayman Islands Company, and JOHNNY L. DUDLEY, *in personam*,

Defendants.
_________________________/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on the Plaintiff's Verified Motion and Supporting Memorandum of Law for Attorneys' Fees and to Tax Costs (DE # 106, 9/3/10). This motion was referred to the undersigned by the Honorable Patricia A. Seitz. Having held a hearing in this matter as to certain costs, and having carefully considered the motion, the response, the court file and the applicable law, the undersigned recommends that the Plaintiff's Verified Motion and Supporting Memorandum of Law for Attorneys' Fees and to Tax Costs (DE # 106, 9/3/10) be GRANTED as more fully described below.[1]

[1]The original Motion filed by the plaintiff requested $43,212.50 in fees and $6,231.12 in costs. On December 14, 2010, the plaintiff filed the plaintiff's Notice of Error in Calculation Regarding Costs (DE # 117, 12/14/10), in which the plaintiff reduced the requested cost amount to $4,912.59. The undersigned will consider the revised amount of costs as the amount of costs requested by the plaintiff in the motion.

## BACKGROUND

The plaintiff, Wachovia Bank, N.A. filed its complaint in this matter on April 14, 2009 (DE # 1). The Court entered Final Judgment in favor of the plaintiff on August 6, 2010 (DE # 90). The Final Judgment provided for reasonable fees and costs, and required that any motion for such be filed by September 3, 2010. The plaintiff filed the Plaintiff's Verified Motion and Supporting Memorandum of Law for Attorneys' Fees and to Tax Costs (DE # 106, 9/3/10) on September 3, 2010, requesting $43,212.50 in fees and $6,231.12 in costs. The defendant filed a response on October 20, 2010, (DE # 113) indicating that the defendant recognizes that the Court has determined that the plaintiff is entitled to fees and costs. The response further indicated that the hourly rates charged by plaintiff's counsel are reasonable and that the defendant has no reason to believe that the amounts claimed do not accurately reflect the work performed and the expenses incurred by the plaintiff. The undersigned held a hearing in this matter as to certain costs on December 14, 2010. On December 14, 2010, the plaintiff filed a Notice of Error in Calculation Regarding Costs (DE # 117), reducing the costs request to $4,912.59. The undersigned will consider the request for $43,212.50 for fees and the request for $4,912.50 for costs as the amount of fees and costs respectively requested in the original motion.

## ANALYSIS

### I. ATTORNEY'S FEES

The Court already determined that the plaintiff is entitled to recover attorneys fees in this matter. Accordingly, the undersigned need not address entitlement to fees

in this Report and Recommendation.

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

The defendant does not object to the hourly rates charged by plaintiff's counsel. The defendant also indicated in the response that the defendant has no reason to believe that the amounts claimed do not accurately reflect the work performed by the plaintiff.

Accordingly, the undersigned finds that the plaintiff is entitled to recover the entire amount of fees requested in the motion in the amount of $43,212.50.

**II. COSTS**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded." See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994). The plaintiff prevailed in the case at bar and, therefore, is entitled to receive costs that are recoverable under 28

U.S.C. § 1920.

In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable. See EEOC v. W&O, Inc., 213 F.3d 600, 619-20 (11th Cir. 2000). The Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); see also W&O, Inc., 213 F.3d at 620.

A judge or clerk of any of the United states may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title

28 U.S.C. § 1920. In the Response to the Motion, the defendant indicates that the defendant has no reason to believe that the amounts claimed do not accurately reflect the expenses incurred by the plaintiff. In the Notice of Error in Calculation Regarding Costs (DE #117, 12/14/10), the plaintiff revised its costs request to $4,912.59. Those

costs, which include "other costs" are reflected in the chart below.

| Filing Fee | $350.00 |
|---|---|
| Deposition of Richard Steenerson | $562.75 |
| Deposition of Cynthia Jones | $284.00 |
| Subpoena Polaris | $45.00 |
| U.S. Marshal Fee | $2,500.00 |
| Service of Process Johnny Dudley | $128.50 |
| Notice of Action in Rem | $93.31 |
| Notice of Action in Rem II | $76.00 |
| Additional U.S. Marshal Fee | $500.00 |
| Subpoena Globe Trawlers | $40.00 |
| Service of Subpoena Globe Trawlers | $130.00 |
| Document Production from Dudley | $203.03 |
| TOTAL | **$4,912.59** |

The undersigned will consider only the plaintiff's revised costs request. The revised costs listed in the Notice of Error in Calculation Regarding Costs (DE # 117), reducing the costs request to $4,912.59, are permitted under 28 U.S.C. § 1920. The undersigned recommends an award of costs as outlined below.

**1. Fees of the Clerk**

The plaintiff seeks reimbursement in the amount of $350.00 for fees of the Clerk. "Fees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). The defendant does not object to this cost request. The undersigned recommends an

award to the plaintiff of ***$350.00*** for expenses associated with fees of the clerk.

**2. Fees for Service of Subpoenas**

The plaintiff further request fees for the service of subpoenas in the amount of $298.50.[2] "Private process server fees may be taxed."[3] W&O, 213 F. 3d at 623. These costs are recoverable under 28 U.S.C. § 1920. The defendant does not object to the request for these costs. The plaintiff is entitled to recover the costs associated with the service of subpoenas. The undersigned recommends an award to the plaintiff of ***$298.50*** for expenses associated with the service of summons and subpoenas.

**3. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

In the Notice of Error in Calculation Regarding Costs (DE # 117, 12/14/10), the plaintiff requests reimbursement in the amount of $846.75 for costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case. The defendant does not object to these costs. The undersigned finds that the plaintiff is entitled to recover the costs associated with fees for printed or electronically recorded transcripts. The undersigned recommends an award to the plaintiff of ***$846.75*** for expenses associated with fees for printed or electronically recorded transcripts.

---

[2] In the Notice of Error in Calculation Regarding Costs (DE # 117, 12/14/10), the plaintiff requests a total of $298.50 for costs relating to the service of process on Johnny Dudley, the subpoena for Globe Trawlers, and the service of subpoena on Globe Trawlers.

[3] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

**4. Fees for witnesses**

The plaintiff requests reimbursement in the amount of $45.00 for costs associated with fees for witnesses.[4] The defendant does not object to these costs. The undersigned finds that the plaintiff is entitled to recover the costs associated with fees for witnesses. The undersigned recommends an award to the plaintiff of ***$45.00*** for expenses associated with fees for witnesses.

**5. Other Costs**

The other costs requested by the plaintiff in the revised cost request are outlined in the chart below.

| | |
|---|---|
| U.S. Marshal | $2,500.00 |
| Notice Action in Rem | $93.31 |
| Notice Action in Rem II | $76.00 |
| Additional U.S. Marshal Fee | $500.00 |
| Document Production from Dudley | $203.03 |

The plaintiff requests costs in the amount of $203.03 for the copies of document production from Mr. Dudley. Recovery for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case is permitted under 28 U.S.C. § 1920. The defendant does not object to these costs. The undersigned recommends an award to the plaintiff of ***$203.03*** for copies of production from Mr. Dudley.

---

[4] In the Notice of Error in Calculation Regarding Costs (DE # 117, 12/14/10), the plaintiff requests a total of $45.00 for the subpoena for Polaris.

The plaintiff requests a total of $3,000.00 for costs relating to the arrest of the vessel in this matter. "Fees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). Also, under Rule 5(n)(2) of the Local Rules for the Southern District of Florida, "[i]f costs are awarded to any party, then all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any vessel, property and/or cargo shall be taxed as costs in the case." Moreover, 28 U.S.C. § 1921 provides as follows:

> (a)(1) The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:
>
> (A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding.

The defendant does not object to this cost request and the undersigned finds that the $3,000.00 for costs relating to the arrest of the vessel are fees of the marshal and may be recovered by the plaintiff under the aforementioned rules. The undersigned recommends an award to the plaintiff of ***$3000.00*** for expenses associated with the costs relating to the arrest of the vessel in this matter.[5]

The plaintiff requests a total of $169.31 for costs relating to the notice of action in

---

[5] $500.00 of the $3,000.00 paid by the plaintiff to the U.S. Marshal was for insurance. The plaintiff will not know if it will receive a refund of any or all of the $500.00 until January 2011. Should the plaintiff receive a refund of any or all of the $500.00, the plaintiff agrees to pay those monies back to the defendant.

rem posted in the Daily Business Review. Under Rule 5(p)(1) of the Local Rules for the Southern District of Florida, "[i]n an action in rem or quasi in rem, and except suits on behalf of the United States of America where other notice is prescribed by statute, the Marshal shall publish notice in any of the newspapers approved pursuant to Local Admiralty Rule 1(g)." Reimbursement for the notice of action in rem is also recoverable under 28 U.S.C. § 1921(a)(1)(D) which provides:

> (a)(1) The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:
>
> (D)The preparation of any notice of sale, proclamation in admiralty, or other public notice or bill of sale.

The defendant does not object to this cost request and the undersigned finds that the requested $169.31 for costs relating to the notice of action in rem posted in the Daily Business Review is reasonable, is related to the cost of the marshal, and may be recovered by the plaintiff. The undersigned recommends an award to the plaintiff of ***$169.31*** for expenses associated with the costs relating to the notice of action in rem posted in the Daily Business Review.

In accordance with the foregoing, the undersigned recommends that the plaintiff be awarded $4,912.59 in costs.

**RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends the Plaintiff's Verified Motion and Supporting Memorandum of Law for Attorneys' Fees and to Tax Costs (DE # 106, 9/3/10) be GRANTED in accordance with the foregoing Report and Recommendation and that the plaintiff be

awarded fees in the amount of $43,212.50 and costs in the amount $4,912.59.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 4th day of January, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Patricia A. Seitz

All counsel of record