UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60547-CIV-SEITZ/O'SULLIVAN

WACHOVIA BANK, N.A.,

    Plaintiff,

vs.

M/V MAYBE TOMORROW, *in rem*,
MAYBE TOMORROW, a Cayman Islands
Company and JOHNNY L. DUDLEY, *in personam*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO AMEND AND/OR ALTER JUDGMENT

THIS CAUSE is before the Court on the Report and Recommendation [DE 121] of the Honorable John J. O'Sullivan recommending that the Court grant Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs [DE 106], as well as Plaintiff's Motion to Reduce and/or Amend Judgment and Supplemental Motion for Attorney's Fees and Costs [DE 122]. No party filed objections to the Report, which recommends Plaintiff be awarded fees in the amount of $43,212.50 and costs in the amount of $4,912.59. Upon review, the Court agrees with Judge O'Sullivan's analysis and will adopt the substance of the Report for the reasons stated in the Report. Although no party objected to the Report, after the time-period to file objections passed, and approximately six-months after the deadline to file a claim for costs and attorney's fees, Plaintiff filed a Supplemental Motion for Attorney's Fees and Costs. The Court will deny Plaintiff's Motion to Reduce and/or Amend Judgment and Supplemental Motion for Attorney's Fees and Costs as unnecessary, or in the alternative, because the motion is untimely.

I. **BACKGROUND**

On April 14, 2009, Plaintiff Wachovia Bank, N.A. filed its Complaint [DE 1] against Defendants M/Y Maybe Tomorrow, Maybe Tomorrow, a Cayman Islands Company ("Maybe Tomorrow Company") and Johnny L. Dudley. On August 6, 2010, Plaintiff received a Final Judgment against Maybe Tomorrow Company. [DE 90]. On August 31, 2010, Plaintiff received a Final Judgment against Johnny L. Dudley. [DE 105]. Both judgments stated that Plaintiff is entitled to an award of attorney's fees and costs and allowed Plaintiff until September 3, 2010 to file its claim for attorney's fees and costs against Maybe Tomorrow Company and until September 15, 2010 to file its claim for attorney's fees and costs against Johnny L. Dudley.

Thereafter, on September 3, 2010, Plaintiff filed a Verified Motion for Attorney's Fees and to Tax Costs [DE 106] seeking an award of attorney's fees and costs in favor of Plaintiff and against Defendant Maybe Tomorrow Company. Plaintiff never filed a claim for attorney's fees and costs against Johnny L. Dudley. Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs was referred to Judge O'Sullivan for appropriate resolution. [DE 107]. Judge O'Sullivan held a hearing on Plaintiff's Verified Motion for Attorney's Fees on December 14, 2010. [*See* DE 119]. On January 4, 2011, Judge O'Sullivan issued his Report. On March 8, 2011, Plaintiff filed a Supplemental Motion for Attorney's Fees and Costs, requesting $16,010.00 in attorney's fees for work performed in this case after judgment was entered.

II. **THE COURT WILL AFFIRM AND ADOPT THE REPORT AND RECOMMENDATION**

Because the Court had already determined that Plaintiff is entitled to recover attorneys fees, Judge O'Sullivan considered only whether the fees requested were reasonable. Based on the fact that Defendant did not object to the $200.00 hourly rates charged by Plaintiff's counsel and because

Defendant indicated it had no reason to believe that the hours expended do not reflect the work performed, Judge O'Sullivan recommended that Plaintiff be awarded the entire amount of attorney's fees requested, $43,212.50. Additionally, based on the evidence submitted in support of the motion and at the December 14, 2010 hearing, Judge O'Sullivan recommends that Plaintiff be awarded costs in the amount of $4,912.59. The Court has carefully reviewed, *de novo*, the record and fully agrees with Judge O'Sullivan's recommendation. Therefore, the Court will adopt the Report and grant the motion for fees and costs.

### III.  THE COURT WILL DENY THE REQUEST TO "AMEND" AND/OR "ALTER" THE JUDGMENT

Additionally, Plaintiff requests the Court amend the judgment to account for the net amount received by Plaintiff from the sale of the vessel M/Y Maybe Tomorrow. The judgment already reflects that it will be reduced by the proceeds realized from the U.S. Marshal sale of the Vessel.[1] Thus, amending the judgment to reflect that Plaintiff has received some but not all of the deficiency owing serves no practical purpose.[2]

Plaintiff also seeks to supplement its motion for attorney's fees and costs to reflect a $506.41 refund Plaintiff expects to receive from the Marshal. Again, such supplementation is not required. In the Report, to which no party filed an objection, Judge O'Sullivan found that "[s]hould the plaintiff receive a refund of any or all of the $500.00 [paid by Plaintiff to the Marshal for insurance],

---

[1] "The amount of any judgment against Johnny Dudley shall be reduced by any proceeds realized from the U.S. Marshal sale of the Vessel." [DE 104 "Memorandum Decision" at 5].

[2] As a practical matter, it would be a cumbersome procedure, if each time Plaintiff recovered a portion of the deficiency the parties were required to engage in motion practice to amend the judgment.

the plaintiff agree[d] to pay those monies back to the defendant." [DE 121 at 8 n.5].[3] The Court will hold Plaintiff to that promise.

Finally, Plaintiff seeks an additional $16,010.00 in attorney's fees for work performed after Plaintiff obtained a judgment in its favor. The deadline for Plaintiff to submit its claim for attorney's fees as to all Defendants was in September, 2010. Plaintiff did not request additional time to file its claim for attorney's fees. Plaintiff filed its claim for fees as to Maybe Tomorrow Company on September 3, 2010. Judge O'Sullivan held a hearing on Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs. Plaintiff did not indicate that the amount of attorney's fees requested was wrong either at the hearing or in an objection to Judge O'Sullivan's Report.[4] Upon review, this supplementation appears to be an untimely request for additional attorney's fees.[5] Therefore, it is

ORDERED that

(1) The Report and Recommendation [DE 121] of the Honorable John J. O'Sullivan is AFFIRMED and ADOPTED.

(2) Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs [DE 106] is GRANTED.

(3) By separate Order the Court will enter an award of fees and costs in favor of Plaintiff and against Defendant Maybe Tomorrow, a Cayman Islands Company.

---

[3] Plaintiff "agrees that any such refund will either reduce the amount of the costs judgment entered, or if Plaintiff's judgment has been satisfied, then Plaintiff agrees to refund any amounts received from the Marshal to Defendants." [DE 120 ¶ 4].

[4] On December 14, 2010, Plaintiff filed a Notice of Error in Calculation Regarding Costs, reducing the costs request from $6,231.12 to $4,912.50. [DE 117]. However, this was based upon calculation errors and not because the amount of attorney's fees requested did not reflect the work performed.

[5] The Court is unable to determine whether $16,010.00 in post-judgment attorney's fees is reasonable because the paperwork filed in support of the motion for an award of post-judgment fees is unreadable. However, that is not the reason the Court is denying the motion.

(4) Plaintiff's Motion to Reduce and/or Amend Judgment and Supplemental Motion for Attorney's Fees and Costs [DE 122] is DENIED.

DONE AND ORDERED in Miami, Florida, this 28th day of March, 2011.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Judge O'Sullivan
      Counsel of Record/ *Pro se* party